Alessandra Glorioso
Michael Galen
DORSEY & WHITNEY LLP
51 West 52nd Street
New York, New York 10019
Telephone: (212) 415-9200
Facsimile: (212) 953-7201
Email: glorioso.alessandra@dorsey.com
       galen.michael@dorsey.com

*Attorneys for Okoa Capital LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| DIAMOND ELITE PARK LLC | Case No. 23-22520-shl |
|           Debtor. | |

**OKOA CAPITAL LLC'S EX PARTE MOTION FOR ENTRY OF
AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING
THE ISSUANCE OF SUBPOENAS FOR THE PRODUCTION OF
<u>DOCUMENTS AND EXAMINATION OF THE DEBTOR</u>**

Okoa Capital LLC ("<u>Okoa</u>"), by and through its undersigned counsel, hereby moves ("<u>Rule 2004 Motion</u>") for entry of an Order, pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedures ("<u>Bankruptcy Rules</u>"), in the form annexed hereto as <u>Exhibit "A"</u>, authorizing Okoa to conduct discovery of Diamond Elite Park LLC (the "<u>Debtor</u>") as follows: (i) issuing the document requests attached to this Rule 2004 Motion at <u>Exhibit "B"</u>, including follow-up requests as to the same subject matter (together, the "<u>Requests</u>"); and (ii) conducting a deposition of the Debtor's principal. In support of this Rule 2004 Motion, Okoa represents as follows:

## PRELIMINARY STATEMENT

1. The Debtor has indicated that it is a single asset real estate entity. Okoa holds a first lien on the Debtor's sole piece of real property.

2. The Debtor commenced this bankruptcy case on the eve of a foreclosure sale of the Property, indicating the Debtor intended to frustrate Okoa's foreclosure efforts.

3. Of paramount concern to Okoa, and the reason that expedited relief is necessary with respect to this Rule 2004 Motion, is (a) the Debtor's complete failure to maintain the Property, allowing doors and windows at the Property to remain unsecured for months, during which time the Property has been vandalized and trespassers have freely accessed the Property, (b) the Debtor's failure or refusal to confirm that the Property is adequately insured, despite several requests; and (c) the Debtor's failure or refusal to provide evidence that Okoa is listed as the loss payee on any insurance policies related to the Property.

4. As detailed below, the dire situation that the Debtor has allowed to occur at the Property necessitates the Debtor's immediate provision of document and information and its designation of a representative to attend an oral examination.

## JURISDICTION & VENUE

5. The Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The bases for the relief requested herein are Bankruptcy Rules 2004 and 9016.

**RELEVANT BACKGROUND**

8. On July 9, 2023 ("Petition Date"), the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has yet been appointed in this chapter 11 case. As of the date of this Rule 2004 Motion, the Debtor has filed only its bare bones petition and nothing else on the docket – no schedules or motions for relief.

9. The Debtor is an Arizona limited liability company that owns the real property located at 9630 N. 25th Avenue, Phoenix, Arizona 85021 (the "Property").

10. On or about January 7, 2022, Okoa provided a short term loan (the "Loan") to the Debtor in the original principal amount of $6,790,000.00 for the purpose of acquiring the Property. In connection with the Loan, the Debtor executed that certain *Loan Agreement* (the "Loan Agreement") and that certain *Promissory Note* (the "Note"), each dated January 7, 2022. The Debtor also granted a *Deed of Trust* (the "Deed of Trust") in favor of Okoa secured by the Property. The Loan Agreement, Note, and Deed of Trust are referred to herein as the "Loan Documents". *See* Declaration of Ty Corbridge in support of this Rule 2004 Motion, attached hereto as Exhibit "C" (the "Declaration") at ¶5, Exh. 1.

11. The *Escrow Instructions* that Okoa provided to the title company in connection with the closing of the Loan required that the Debtor "provide evidence of Hazard Insurance naming Okoa Capital LLC as loss payee." *Id*. at ¶6, Exh. 2.

12. In June 2022, the Debtor filed an application for a zoning adjustment on the Property to allow for conversion of the Property to a residential use. The application was approved in August 2022. The approval provided two (2) years to apply and pay for building permits with respect the conversion of the Property. *Id*., Exh. 3. Upon information and belief, the

Debtor has not obtained any permits or made any other progress with respect to conversion of the Property to a residential use. *Id*. at ¶ 7, Exh. 3.

13.   The Loan matured on January 6, 2023 and the full amount remaining due under the Loan became immediately due and payable. The Debtor has failed to make any payments on the Loan since the maturity date.[1] *Id*. at ¶8

14.   On February 2, 2023, Okoa sent the Debtor a notice of default and demand for payment curing the default. *Id*. at ¶ 9, Exh. 4.

15.   On April 7, 2023, Okoa sent the Debtor a second notice of default, which was accompanied by a Notice of Trustee Sale. *Id*. at ¶ 10, Exh. 5 The April Notice of Default informed the Debtor that the "enclosed Notice of Trustee's Sale was recorded on April 6, 2023 with the Maricopa County Recorder's Office setting July 10, 2023 as the date of the Trustee's Sale concerning the Property."

16.   On June 30, 2023, Okoa commenced an action in Arizona Superior Court (the "State Court Action")[2] against the Debtor and certain other individuals and entities asserting causes of action for, among other things, breach of the Loan Documents breach of the implied covenant of good faith and fair dealing. Okoa was unsuccessful in serving the summons and complaint on the Debtor prior to the Petition Date and the State Court Action is now stayed as to the Debtor.

17.   As of July 10, 2023, the total amount of principal and interest due to Okoa under

---

[1] In fact, the Debtor defaulted on the Loan several months prior to the maturity date for nonpayment, although Okoa did not call a formal of default at that time.

[2] *Okoa Capital LLC v. Diamond Elite Park, LLC et al.*, Case No. CV2023-009952 (Arizona Superior Court, Maricopa County)

the Loan Documents was $8,136,683. *Id*. at ¶ 11.

### **The Debtor has Caused Waste At the Property**

18.     The Debtor has not exercised reasonable care in maintaining the Property, which is currently in a state of extreme disrepair.

19.     At the time Okoa made the Loan to the Debtor and the Debtor acquired the Property in January 2022, the Property was in pristine condition, as shown in the photograph below. *Id*. at ¶ 5.



20.     On June 12, 2023, the City of Phoenix issued the Debtor a Notice of Ordinance Violation (the "Ordinance Violation"). *Id*. at ¶ 12, Exh. 6.  The Ordinance Violation details violations of a Neighborhood Preservation Ordinance including "vacant and unsecured structures with open, broken, or missing windows and/or doors," "accumulation of trash and debris throughout the property," and "grass/weeds over 6 inches tall."   The notice provides instructions for corrective action, including board up and securement specifications.

21.     Despite the many obvious issues with the Property, as documented by the City of

Phoenix in the Ordinance Violation on June 12, 2023, the Debtor's counsel incredibly stated in an email on June 13—the *very next day*— that "[t]he property has not been abandoned and there is no basis to Lender's allegations. We are working diligently to refinance the loan *and are taking care of this property*." *Id*. at ¶ 13, Exh. 7 (emphasis added).

22. Okoa's representative visited the Property on or about June 15, 2023, and discovered the following conditions:

    a. contrary to the Debtor's representations, the Property was not secured;

    b. the windows at the ground floor level were broken and doors were unlocked, allowing unfettered access to trespassers, as shown in the photograph below;



    c. trespassers appeared to have gained access to every part of the Property;

    d. there was a distinct smell of smoke emanating from the Property, suggesting fires were being burned within the Property;

    e. the interior of the Property sustained extensive damage, including removal of the wiring throughout the Property, rendering it likely that the HVAC and electrical infrastructure had been destroyed, as shown in the photographs below;

6




      f. the Property appeared blighted due to neglected landscaping and overgrown weeds, attracting transient individuals and other trespassers.

*See id*. at ¶ 14.

**The Debtor has Failed or Refused to Provide Insurance Information Regarding the Property Despite Repeated Requests, Including Multiple Requests After the Petition Date**

23. In June 2023, Okoa's counsel requested that the Debtor provide evidence of insurance that listed Okoa as loss payee. *Id*. at ¶15, Exh. 7.

24. On or about June 13, 2023, Okoa's counsel corresponded with counsel for Envy Restoration regarding work completed by Envy Restoration to repair damage to the Property caused by a theft at the Property that caused damage to the Property's water lines. Okoa was informed that although Envy Restoration completed the necessary repairs and the Debtor received insurance proceeds for the damage to the Property, the Debtor failed to pay Envy Restoration from such proceeds. *Id*. at ¶ 16, Exh. 8. Based on this correspondence, and the fact that Okoa never received notice or payment of insurance proceeds related to the Property damage

7

as it should have if it were listed as loss payee, Okoa became concerned that the Debtor had failed to list Okoa as a loss payee on the insurance policies covering the Property. *Id*.

25. After multiple requests for proof of insurance, the Debtor provided a document titled *Evidence of Commercial Property Insurance*. Okoa then contacted the Debtor's insurance broker Perry Schwartz at Protective Insurance Brokerage. After multiple requests for proof of insurance, Mr. Schwartz responded that he was waiting for the Debtor to make payment on the insurance policies. *Id*. at ¶ 17, Exh. 9. Upon learning that the Debtor's insurance policies on the Property were unpaid and were in danger of lapsing (if they had not already lapsed), Okoa paid $4,400 to Mr. Schwartz's office to reinstate the policies. *Id*.[3] Despite these efforts, Okoa has been unable to confirm the Debtor's insurance with the insurance provider, Great American Insurance Company.

26. Undersigned counsel has also made multiple requests to the Debtor's bankruptcy counsel for the Debtor's insurance certificates related to the Property and information on claims filed against those policies. The first such request was made on July 12, 2023, with follow up emails on July 17, 2023 and again on July 20, 2023. Not only has the Debtor's bankruptcy counsel failed to provide the requested documents and information, but it has failed to even respond. *Id*. at ¶ 18, Exh. 10.

## RELIEF REQUESTED

27. Pursuant to Bankruptcy Rule 2004, Okoa seeks entry of an Order, in the form attached hereto as Exhibit "A", authorizing it to issue a document subpoena to, and conduct a deposition of the Debtor. *See* Exhibit "B".

---

[3] Okoa hereby reserves all rights to assert an administrative claim for the insurance premium payment in this case.

28.    Specifically, Okoa seeks permission to issue subpoenas seeking documents and deposition testimony concerning, among other things:

    a. The value of the Property.

    b. Permitting and/or zoning with respect to the Property.

    c. The condition and maintenance of the Property.

    d. Whether the Debtor is maintaining sufficient insurance on the Property and whether Okoa is listed as a loss payee under such insurance policies.

    e. The status of any active or prior insurance claim that the Debtor may have filed with an insurance company without properly disclosure to Okoa.

    f. Information pertaining to contracts and/or agreements related to the Property.

    g. The status of any construction planned or in progress related to the Property.

    h. Information related to the Debtor's accounts, for the purpose of tracing any insurance proceeds and the disposition of the loan proceeds.

    i. Any other information related to the Property and this bankruptcy case.

29.    Okoa is entitled to seek and obtain discovery of the foregoing matters (collectively, the "<u>Rule 2004 Investigation Topics</u>"). Each of these matters directly affects the Debtor's property and the administration of the Debtor's bankruptcy estate.

30.    Additionally, given the dire state of the Property, the evidence that the Debtor failed to name Okoa as a loss payee on its property insurance, the Debtor's failure for months to provide adequate proof that the Property is insured, and the Debtor's failure to pay its insurance premiums, Okoa will seek consideration of this motion on an expedited basis and further requests that the discovery schedule on these issues also be expedited.

<b><u>BASIS FOR RELIEF REQUESTED</u></b>

31.    Bankruptcy Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Pursuant to Bankruptcy Rule 2004, a party in

interest may seek both documents and oral discovery related to the "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Bankruptcy Rule 2004(b), (c).

32. "The purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred." *In re Almatis B.V.*, No. 10-12308, 2010 WL 4877868, at *4 (Bankr. S.D.N.Y. Nov. 24, 2010); *see also In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004) (same). Okoa, as a creditor in this case, is a party in interest that can seek relief pursuant to Bankruptcy Rule 2004. *See, e.g.*, Bankruptcy Rule 2004(a) ("[o]n motion of any party in interest, the court may order the examination of any entity"); 11 U.S.C. § 1109(b) ("A party in interest, includ[es] . . . a creditor . . .").

33. Bankruptcy Rule 2004 may be used as a pre-litigation discovery device and, consequently, a Bankruptcy Rule 2004 motion need not be tied to specific factual allegations at issue between the parties. *See, e.g.*, *In re Almatis*, 2010 WL 4877868, at *3 ("No contested matter or adversary proceeding need be instituted as a prerequisite to conducting an examination under this rule.").

34. The scope of a Bankruptcy Rule 2004 examination is broader than that of discovery under the Federal Rules of Civil Procedure. *See, e.g.*, *In re Recoton Corp.*, 307 B.R. at 755; *see also In re Hughes*, 281 B.R. 224, 226 (Bankr. S.D.N.Y. 2002) ("[i]t is well settled that the scope of examination allowed under Rule 2004 is broader than discovery allowed under the Federal Rules of Civil Procedure and may be in the nature of a 'fishing expedition.'"); *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991) ("[T]he scope

10

of a Rule 2004 examination is very broad. Rule 2004 discovery is broader than discovery under the Federal Rules of Civil Procedure, and has fewer procedural safeguards.").

35.     The granting of a motion under Bankruptcy Rule 2004 is within the discretion of the Court. *See In re Transmar Commodity Grp. Ltd.*, No. 16-13625-JLG, 2018 WL 4006324, at *4 (Bankr. S.D.N.Y. Aug. 17, 2018) ("The decision to grant or deny a request for discovery under Rule 2004 is within the sound discretion of the court.").

36.     Here, the requested relief is well within the scope of Bankruptcy Rule 2004 because it would authorize Okoa to examine the Debtor regarding the Debtor's property and allow Okoa to "determin[e] the nature and extent of the bankruptcy estate, reveal[] assets, examin[e] transactions and assess[] whether wrongdoing has occurred." *In re Almatis*, 2010 WL 4877868, at *4.

37.     It is critical that Okoa be authorized to promptly investigate each of the Rule 2004 Investigation Topics. As noted, the Debtor has allowed the Property to fall into extreme disrepair. The Property is currently not secured and is therefore vulnerable to vandalism, trespassers, weather, stray animals, and anyone or anything else that may wish to enter the Property. It appears the Property has already sustained significant damage as a result of these vulnerabilities.

38.     The Debtor received a zoning adjustment to alter the use of the Property, but has apparently failed to obtain any permits or otherwise begin conversion of the Property. Only one year remains under the zoning adjustment to apply for building permits. Additional delay and inaction by the Debtor therefore significantly imperils the value of the Property.

39.     Additionally, the Debtor and its professionals failed or refused to provide complete responses to Okoa's inquiries on that topic, Okoa paid the Debtor's insurance broker to

reinstate the Debtor's insurance policy, and Okoa is still unable to verify the Debtor's insurance. Therefore, it is unknown whether the Debtor is maintaining proper insurance on the Property or whether the Debtor has listed Okoa as a loss payee on any such insurance policies.

40. Each of the foregoing gives rise to significant risks regarding the Debtor's property and the administration of this bankruptcy case. The Debtor therefore requests that it be permitted to obtain documents and conduct an examination on an expedited basis.

## NOTICE

41. Notice of this Rule 2004 Motion will be provided to (i) counsel for the Debtors, Goldberg Weprin Finkel Goldstein LLP, (ii) the United States Trustee, and (iii) any creditor that has filed a notice of appearance in this bankruptcy case. Okoa submits that such notice is sufficient and no other or further notice need be provided.

42. No prior request for the relief sought in this Rule 2004 Motion has been made by Okoa to this or any other Court.

WHEREFORE, Okoa respectfully requests that the Court: (a) enter an order granting the relief sought herein in substantially the form attached hereto as Exhibit "A", and (b) grant such other and further relief as the Court deems just and proper.

Dated: August 1, 2023

By: /s/ *Alessandra Glorioso*
Alessandra Glorioso
Michael Galen
DORSEY & WHITNEY LLP
51 West 52nd Street
New York, New York 10019
Telephone: (212) 415-9200
Facsimile: (212) 953-7201
Email: glorioso.alessandra@dorsey.com
    galen.michael@dorsey.com

*Attorneys for Okoa Capital LL*

12

4867-9967-6017\1