# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>DIAMOND ELITE PARK LLC<br>        Debtor. | ) Chapter 11<br>)<br>) Case No. 23-22520-shl<br>)<br>)<br>) |

## ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING THE ISSUANCE OF SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND EXAMINATION OF THE DEBTOR

Upon the application (the "Application") [Doc. No. 6][1] of Okoa Capital LLC to conduct an examination of the Debtor and to compel the production of documentary evidence from the Debtor pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure; and there having been proper and adequate notice of the Application; and no further notice being necessary; and the Court having determined that the relief granted herein is appropriate under the circumstances; and good and sufficient cause having been shown, it is hereby ORDERED as follows:

1.   The Application is granted.

2.   Pursuant to Bankruptcy Rules 2004 and 9016, Okoa is authorized to take discovery and examination of the Debtor with respect to the issues set forth in the Application and Requests.

3.   That no later than **August 18, at 5:00 p.m.**, the Debtor is hereby directed to produce for inspection, copying and audit, at the offices of Dorsey & Whitney LLP, 51

---

[1] Capitalized terms used but not otherwise defined herein will have the meanings ascribed to such terms in the Application.

4891-6413-6050\1

West 52nd Street, New York, NY 10019, Attn: Alessandra Glorioso and Michael Galen (glorioso.alessandra@dorsey.com; galen.michael@dorsey.com), or at such other place and time as Okoa may designate, consistent with Bankruptcy Rules 2004 and 9016 and in accordance therewith, any and all documents specified in Exhibit 1 to this Order.

4. That the Debtor, by its designee, is hereby directed to appear for an examination by counsel for Okoa and give testimony regarding the issues set forth in the Application, at the offices of Dorsey & Whitney LLP, 51 West 52nd Street, New York, NY 10019 on **August 24, 2023 at 10:00 am (EST)**, or at such other date and time as Okoa and the Debtor may agree.

5. Okoa is authorized to take all actions necessary to effectuate the terms of this Order.

Dated: New York, New York
_____, 2023

**PROPOSED**

_____

**UNITED STATES BANKRUPTCY JUDGE**

4891-6413-6050\1

# EXHIBIT 1

# REQUEST FOR PRODUCTION OF DOCUMENTS

I. **INSTRUCTIONS.**

    A.    This Request for Production of Documents shall be deemed to be a request for the production by you of all documents enumerated below, whether prepared by or for you or by any other party or any other person, that are in your possession, custody, control, or in the possession, custody or control of your attorneys, accountants, consultants, receivers, employees, agents, or anyone acting on your behalf.

    B.    In responding to this Request, you are to state:

        1.    With respect to each item, category, or request, that inspection and related activities will be permitted as requested, unless the Request is objected to, in which event the reasons for the objection shall be stated;

        2.    If objection is made to part of an item, category, or request, that part shall be specified as requested in paragraph B(1) above and inspection permitted for the remaining parts; and

        3.    As to each document you are withholding from production on the basis of privilege, you are to provide the following information to identify the document for a subpoena or motion to compel its production:

            (a)    Title or description;

            (b)    Date;

            (c)    Author;

            (d)    Recipient(s);

            (e)    Number of pages;

            (f)    Subject matter;

            (g)    Method of transmission; and

            (h)    The specific grounds for withholding the document.

    C.    You are required to organize and label the documents you produce to correspond with the categories set forth in this Request.

D. If any document or information requested by this Request was formerly in your actual or constructive care, custody, possession or control or that of any of your employees, agents, or representatives and has been lost, discarded, or destroyed, you shall submit a written statement that:

1. Describes in detail the nature of the information or document and its contents;

2. Identifies the person who prepared the document and any and all persons to whom the document was sent or disclosed;

3. Identifies any and all persons who have seen, had possession or access to, or had custody of the document;

4. Specifies the dates on which the document was prepared, transmitted, and received;

5. Specifies the date on which the document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the identities of the persons requesting and performing the destruction; and

6. Identifies all persons with knowledge of the contents or any portion of the contents of the document.

E. If you respond to this Request with a response that is complete when made, you are nevertheless under a duty to supplement the response to include requested information thereafter acquired.

F. If you obtain information that shows (and failure to amend your response in light of such information is in substance a knowing concealment) your earlier response was incorrect when made, or your earlier response, although correct when made, is no longer true, you must supplement your response.

3

## II.    DEFINITION OF TERMS.

As used herein and unless the context requires otherwise, the terms used in the foregoing Instructions, in these Definitions, and in the following list of Documents Requested shall have the following meanings:

1. "Account" means any financial account, including bank accounts, savings accounts, money market accounts, checking accounts, brokerage accounts, or other financial accounts, wherever located.

2. "Accounting Records" means the records, books of account, ledgers, budgets, valuations, financial statements, audits, audit opinions, audit work papers, and all other documents provided to or received from the Debtor during the Relevant Time Period.

3. "Agreement" means any agreement, contract, lease, sublease, management agreement, operating agreement, sale agreement, settlement, or memorandum of understanding entered into or effective during the Relevant Time Period, whether formal or informal, currently in effect or lapsed, written or oral, and without regard to its enforceability or validity at law or in equity.

4. "And" or "or" shall be construed either disjunctively or conjunctively or both, as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside the scope.

5. "Bankruptcy Case" means Bankruptcy Case No. 23-22520-shl filed by the Debtor in the United States Bankruptcy Court for the Southern District of New York.

6. "Communication" means all correspondence, notes, emails, faxes, memoranda, and all other forms of written or electronic communication, including e-mail

4

and text messages. This definition includes any documents that are exchanged or transmitted in conjunction with any verbal, written, or electronic communication, and includes any notes of or other documents memorializing the substance of such communication.

7. "Debtor" mean Diamond Elite Park LLC, an Arizona limited liability company.

8. "Document" refers to and includes the originals (or copies if the originals are unavailable to you), and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, of every writing of every type or description, and every other thing constituting any medium by which, through which, or on which any type of communication or knowledge has been transmitted, recorded, or preserved, whether printed, handwritten, recorded or graphic matter, computer records, photographic matter, or sound reproductions, wherever produced or recorded, whether claimed to be exempt from production pursuant to a properly asserted privilege or for any other reason, with this definition including, for illustrative purposes and without limitation, all of the following:

>    (i)    correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, check statements, check stubs, bank statements, memoranda, pamphlets, reports, surveys, studies, analyses, tabulations, graphs, logs, statements, receipts, returns, summaries, pamphlets, books, inter-office or intraoffice communications, telephone message slips, offers, notations of conversations, bulletins, drawings, plans, computer printouts, teletypes, telefaxes, invoices, worksheets, ledger books, books of account, reports and/or summaries of investigations, opinions

and/or reports of consultants, appraisals, and/or other valuation estimates of any kind, and all drafts, alterations, modifications, changes, and amendments of any of the foregoing;

(ii) all graphic or aural records and representations of any kind, including without limitation photographs, charts, graphs, microfiche, microfilm, videotape recordings, motion pictures, and electronic, mechanical or electrical records, cassettes, disks, or recordings of any kind; and

(iii) electronic mail communications, computer disks and diskettes, computer input or output, computer hard drive files, computer back up tapes, zip drive files, recorded information, electromagnetic tapes used for preserving and backing up computer systems, data, and information located in computer systems, on computer networks, and information in whatever other form stored or utilized by you on computer systems.

9. "Loan Documents" means, collectively, that certain *Loan Agreement* dated January 7, 2022 by and between the Debtor and Okoa for a loan in the original principal amount of $6,790,000.00, as evidenced by, among other things, that certain *Promissory Note* dated January 7, 2022 executed by the Debtor in connection with the Loan and secured by, among other things, that certain *Deed of Trust* dated January 7, 2022 encumbering the Property, together with all other loan and security documents and instruments relating thereto, as such documents and instruments may have been amended from time to time.

10. "Okoa" means Okoa Capital LLC.

11. "Permitting Documents" means (i) all site plans, building plans, construction drawings, and related drawings (whether drafts, renderings, or final versions), (ii) all surveys and environmental assessments, and (iii) all Communications with architects, engineers, surveyors, contractors, or other similar professionals.

12. "<u>Person</u>" means any natural Person including, but not limited to, any agent, attorney, consultant, guardian, or family member of the Debtor and any corporation, limited liability company, partnership, association, trust, joint venture, sole proprietorship, firm, or other business enterprise, governmental entity, or legal entity, and means both the singular and plural.

13. "<u>Possession</u>," "<u>custody</u>," and "<u>control</u>" include and refer to the joint or several possession, custody, or control not only of the Debtor, but also the joint and several possession, custody, or control by the Debtor's Entities and each present or former agent, including, but not limited to attorneys, accountants, employees, agents, sponsors, spokespersons, investigators, or representatives, including anyone who may have acted on behalf of the Debtor.

14. "<u>Property</u>" means that certain real property located at 9630 N. 25th Avenue, Phoenix, Arizona 85021, together with any personal property constituting Okoa's collateral under the Loan Documents.

15. "<u>Property Improvements</u>" means any and all improvements and/or enhancements inuring to the benefit of the Property or its value, including, but not limited to, architecture, landscaping, demolition, surveying, marketing, and analyses, together with budgets related to any of the foregoing.

16. "<u>Relate to</u>" "<u>related to</u>", "<u>relating to</u>", or "<u>regarding</u>" mean mentioning, discussing, including, summarizing, describing, reflecting, containing, referring to, relating to, depicting, arising from, in connection with, embodying, evidencing, constituting,

concerning, reporting, purporting or involving an act, occurrence, event, transaction, fact, thing, or course of dealing.

17. "Relevant Time Period" means the time period from November 22, 2021 through the present.

18. "You", "you", or "your" means the Debtor and any person or entity acting on the Debtor's behalf.

19. The singular form of any word shall include the plural, the masculine form of any word shall include the feminine. The terms "and" and "or" mean "and/or;" that is, the conjunctive or disjunctive, whichever results in the most comprehensive and exhaustive answer.

### III. DOCUMENTS TO BE PRODUCED.

1. All Documents and non-privileged Communications related to the value of the Property, including, but not limited to, all appraisals, brokers opinions of value, value projections, budgets, financial statements, offers or indications of interest to purchase the Property, term sheets indicating a value or purchase price for the Property, listings of the Property for sale, and any other items that state, reference, or indicate the value of the Property (whether past, present, or future value) or any portion thereof.

2. All Documents and non-privileged Communications comprising diligence materials relating to diligence efforts in connection with any actual, contemplated, or potential financial transaction with respect to the Property or actual or contemplated construction thereon or Property Improvements thereto, including without limitation any potential loan or sale of an interest or beneficial interest in the Debtor. This request

8

includes, but is not limited to, any documents provided to potential lenders, equity purchasers, or other investors in connection with potential financing or sale transactions.

3. All Documents and non-privileged Communications related to permitting and/or zoning with respect to the Property, including, but not limited to, all applications for permits (including any drafts thereof), applications for zoning adjustments (including any drafts thereof), all Permitting Documents and Communications regarding same, correspondence to or from the City of Phoenix (including any division thereof) regarding permitting and/or zoning, and any other Documents or Communications referencing or otherwise related to any such applications.

4. All Documents and non-privileged Communications related to the condition of the Property, including, but not limited to, those concerning damage to the Property, required maintenance at the Property, repairs required or conducted at the Property, the providers of such maintenance and repair services, and correspondence or notices regarding vacancy, damage, disrepair, or blight at the Property.

5. All Documents and non-privileged Communications related to insurance maintained on the Property, including, but not limited, all insurance policies covering or related to the Property, all materials demonstrating that Okoa is named as a loss payee on all insurance policies related to the Property, all insurance claims made on any insurance policy related to the Property, any insurance payments resulting from such claims (including the recipients and disbursements of such payments), and all amendments, cancellations, and renewals of all insurance policies related to the Property.

6. All Documents and non-privileged Communications related to any Agreement that in any way pertains to the Property, including, but not limited to, the status of such Agreements, all amounts received, paid, due, or expected to become due under such Agreements, all counterparties to such Agreements, and all goods, services, or other benefits given, received, or otherwise contracted for under such Agreements.

7. All Documents and non-privileged Communications related to Property Improvements or construction work on the Property, including, but not limited to, all construction bids, contracts, schedules, plans, deposits, and payments.

8. Any and all Documents and non-privileged Communications relating to any and all Accounts of the Debtor, existing, opened, or closed during the Relevant Time Period, including, but not limited to, all Accounting Records, bank statements, cancelled checks, check registers, statements, wire transfer confirmations, and deposit slips.

9. Documents sufficient to identify all of the owners and beneficial owners of interests in the Debtor.

10. All Documents and non-privileged Communications between the Debtor or any employee, principal, member, or manager thereof, and any Person relating to or discussing the Property and/or the filing of this Bankruptcy Case.