Alessandra Glorioso
Michael Galen
DORSEY & WHITNEY LLP
51 West 52nd Street
New York, New York 10019
Telephone: (212) 415-9200
Facsimile: (212) 953-7201
Email: glorioso.alessandra@dorsey.com
       galen.michael@dorsey.com

*Attorneys for Okoa Capital LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| DIAMOND ELITE PARK LLC | ) Case No. 23-22520-shl |
| Debtor. | ) |

**DECLARATION OF ALESSANDRA GLORIOSO SUPPLEMENTING OKOA CAPITAL LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§ 362(d)(1) AND 362(d)(2) OR IN THE ALTERNATIVE DISMISSAL OF THE BANKRUPTCY CASE PURSUANT TO 11 U.S.C. § 1112(b)(1)**

I, Alessandra Glorioso, being first duly sworn on her oath, hereby declare under penalty of perjury of the laws of the United States of America as follows.

1. I am an adult person and an attorney licensed to practice law in the States of New York, Delaware, and New Jersey, and several United States District Courts. I am a partner at the law firm of Dorsey & Whitney LLP and represent Okoa Capital LLC in the above-captioned case.

2. I submit this declaration (the "Declaration") to supplement *Okoa Capital LLC's Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. §§ 362(d)(1) and 362(d)(2) or in the Alternative Dismissal of the Bankruptcy Case Pursuant to 11 U.S.C. § 1112(b)(1)* (the

4889-8366-6302\1

"Motion"). Capitalized terms used but not defined herein will have the meanings ascribed to such terms in the Motion.

3. A transcript of the 341 meeting (the "341 Tr."), which is cited in the Motion is attached hereto as **Exhibit "A"**.

4. The Debtor's representative and/or the Debtor's bankruptcy counsel stated at the 341 meeting on August 10, 2023 that:

    a. copies of the Debtor's insurance policies demonstrating that the Property is properly insured would be provided (*See* 341 Tr. 47:5-14);

    b. the Debtor would retain a private security firm to secure the Property (*See* 341 Tr. 24:5-9);

    c. the Debtor would file a schedule of all amounts paid to insiders since the Debtor's acquisition of the Property to supplement the disclosure in the SOFA of prepetition payments to insiders exceeding $500,000 (*See* Tr. 38:1-7); and

    d. the Debtor would file a motion to retain a broker and sell the Property through the bankruptcy case (*See* 341 Tr. 22:1-20).

5. The Debtor did not seek to retain a security firm until September 8, 2023. As of the date hereof, none of the other items has been provided or filed.

6. Although the Debtor has not provided its insurance policies, Okoa obtained a copy of the Debtor's Commercial Inland Marine policy under which the Debtor claims the Property is insured. A copy of that policy is attached hereto as **Exhibit "B"**. However, the only property coverage under that policy is for "Usable Existing Structure(s) at any one construction project". *See* Commercial Inland Marine policy at p. 25. There is no indication construction is being conducted at the Property. It therefore appears that there is no property insurance policy insuring the Property.

7. Okoa's Appraiser has finalized the appraisal of the Property (the "Appraisal"),

2

which values the Property at $3,100,000—nearly $7 million lower than the purported value in the Debtors' Schedules. A copy of the Appraisal is attached hereto as **Exhibit "C"**. The Appraisal indicates that there is no equity in the Property.

8. The Appraisal and the photographs taken by the Appraiser at the Property, which are incorporated into the Appraisal at pages v-ix, indicate that:

    a. The Property was unsecured and trespassers could freely enter the Property;

    b. All parts of the Property have been extensively damaged and vandalized; and

    c. It appears that trespassers are living inside the Property.

9. The Appraiser also discovered, as indicated on page 1 of the Appraisal, that the Debtor is actively marketing the Property for sale with SVN Commercial Real Estate Advisors. No motion has been filed to retain a broker or sell the Property under Bankruptcy Code § 363.

10. Okoa filed the Motion on August 16, 2023 at Docket No. 12. Per the Court's instruction, the Motion was noticed for a hearing on September 12, 2023. The Motion and a notice of hearing were served on all parties in this case. *See* Docket Nos. 14 and 15. Pursuant to Rule 9006-1(b) of the Local Bankruptcy Rules for the Southern District of New York, a response to the Motion was due by no later than September 5, 2023 (*i.e.*, seven (7) days before the return date). As of the Date hereof, the Debtor has not filed any response to the Motion.

11. I hereby verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

DATED this 8th day of September 2023.

                              */s/ Alessandra Glorioso*
                              Alessandra Glorioso
                              Dorsey & Whitney LLP
                              Partner