Alessandra Glorioso
Michael Galen
DORSEY & WHITNEY LLP
51 West 52nd Street
New York, New York 10019
Telephone: (212) 415-9200
Facsimile: (212) 953-7201
Email: glorioso.alessandra@dorsey.com
   galen.michael@dorsey.com

*Attorneys for Okoa Capital LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| DIAMOND ELITE PARK LLC | Case No. 23-22520-shl |
| Debtor. | |

**SECOND SUPPLEMENT TO OKOA CAPITAL LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§ 362(D)(1) AND 362(D)(2) OR IN THE ALTERNATIVE DISMISSAL OF THE BANKRUPTCY CASE PURSUANT TO 11 U.S.C. § 1112(B)(1)**

  Okoa Capital LLC ("Okoa") hereby submits this second supplement (this "Supplement") in support of *Okoa Capital LLC's Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. §§ 362(d)(1) and 362(d)(2) or in the Alternative Dismissal of the Bankruptcy Case Pursuant to 11 U.S.C. § 1112(b)(1)* (the "Motion"). Capitalized terms used but not defined herein will have the meanings ascribed to such terms in the Motion. This Supplement is filed to supplement the Motion with an additional basis for relief from the automatic stay. Because the Debtor's plan does not have a reasonable possibility of being confirmed within a reasonable time, the stay must be lifted under 11 U.S.C. §

362(d)(3).

To maintain the protections of the automatic stay in a single asset real estate case, a debtor must, within the later of ninety days after commencement of the case: (i) file a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or (ii) commence monthly interest payments to its secured creditor. *See* §362(d)(3); *see also In re 652 West 160th LLC*, 330 B.R. 455 (Bankr. S.D.N.Y. 2005). A debtor bears the burden of showing that its chapter 11 plan has a "reasonable possibility" of being confirmed. *In re RYYZ, LLC*, 490 B.R. 29, 32 - 37 (Bankr. E.D. N.Y. 2013) (granting relief from stay where debtors' proposed plan was facially unconfirmable); *In re MDM Golf of Gillette Ridge, LLC*, 2014 WL 7359077, *4 – 7 (Bankr. D. Conn. Dec. 23, 2014) (granting movant's lift stay motion under § 362(d)(3) where debtor's plan was not feasible under § 1129(a)(11)). "[R]elief under Section 362(d)(3) is mandatory where its provisions are not strictly complied with." *In re LDN Corp.*, 191 B.R. 320, 326-27 (Bankr. E. D. Va. 1996); *In re CBJ Dev. Inc.*, 202 B.R. 467, 470 (B.A.P. 9th Cir. 1996) (citations omitted).

While the Debtor did file its plan in this case just before the 90-day deadline, the plan is facially unconfirmable for at least the following reasons:[1]

- The plan violates the absolute priority rule and cannot meet the minimum "cram-down" standards of 11 U.S.C. §1129(b)(2)(A)(i)-(iii). Specifically, the plan seeks

---

[1] The Debtor did not make an interest payment to Okoa on the 90th day following the petition date. Accordingly, under §362(d)(3), the Debtor must demonstrate that its plan is confirmable to avoid the lifting of the stay.

    to sell the Debtor's property free and clear of liens without remitting 100% of the proceeds to Okoa (after payment to any taxing authority with a lien and claim senior to Okoa's). Instead, the plan provides for payment of administrative claims ahead of secured claims without paying secured creditors in full or providing Okoa with the indubitable equivalent of its claim. Because the Debtor's estate is administratively insolvent, the only way it can pay administrative claims under its pot plan is to pay less than the full amount of Okoa's secured claim. This is not permissible under Section 1129(b).

- While claiming Okoa is potentially oversecured based on the sale price of the Debtor's property, the plan fails to propose payment of Okoa's postpetition interest and reasonable fees and costs, including attorney's fees, as required by Section 506(b). Conversely, if Okoa is undersecured (which is the most likely scenario), then the class of general unsecured creditors would receive $0, should not be entitled to vote, and should be deemed to reject the plan. That would leave Okoa as the sole voting creditor, eliminating any hope of an impaired accepting class. The Debtor cannot have it both ways, and this "heads I win, tails you lose" approach is not permissible under the Bankruptcy Code.

- The plan also fails to separately classify the secured claim of creditor Disaster Recovery Restoration, LLC (Claim No. 3-2) and the priority claim of creditor Thin Blue Line LLC (Claim No. 2-1). Notably, no bar date was set (or even requested) when the plan was filed, so there may be other secured and priority claims the plan

3

does not classify. These two alone show that the plan is patently unconfirmable.

Based on these deficiencies, the Debtor's plan is unconfirmable on its face. Section 362(d)(3) requires that a debtor in a single asset real estate case not only file a plan within 90 days, but that the plan have a "reasonable possibility of being confirmed within a reasonable time". As set forth above, the Debtor's plan is deeply flawed, violates multiple provisions of the Bankruptcy Code, and has no possibility of being confirmed. Because more than 90 days from the petition date have now passed, any amendments the Debtor might make to its plan attempting to remedy those deficiencies would not cure the Debtor's failure to propose a confirmable plan within 90 days. Such a prolonged delay is exactly what Section 362(d)(3) is designed to protect against.

WHEREFORE, based on all of the foregoing, the Motion, and the entire record before the Court, Okoa respectfully requests that the Court grant the relief requested in the Motion under 11 U.S.C. § 362(d)(3).

Dated: November 6, 2023

By: */s/ Alessandra Glorioso*
Alessandra Glorioso
Michael Galen
DORSEY & WHITNEY LLP
51 West 52nd Street
New York, New York 10019
Telephone: (212) 415-9200
Facsimile: (212) 953-7201
Email: glorioso.alessandra@dorsey.com
          galen.michael@dorsey.com

*Attorneys for Okoa Capital LLC*