| | |
|---|---|
| WILLIAM K. HARRINGTON<br>UNITED STATES TRUSTEE, REGION 2<br>Alexander Hamilton Custom House<br>One Bowling Green, Room 534<br>New York, NY 10004-1408<br>Telephone: (212) 510–0500<br>By:    Greg M. Zipes, Esq.<br>        Trial Attorney | Hearing Date: January 7, 2025<br>Hearing Time: 10:00 a.m. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------

| | |
|---|---|
| In re | Case No. 23-22520 (SHL) |
| Diamond Elite Park LLC, | Chapter 11 |
| Debtor. | |

-----------------------------------------------------------

**NOTICE OF THE UNITED STATES TRUSTEE'S MOTION
TO CONVERT THIS CHAPTER 11 CASE TO CHAPTER 7,
OR IN THE ALTERNATIVE, TO DISMISS THIS CASE**

**PLEASE TAKE NOTICE** that upon this Notice of Motion and the accompanying memorandum of law, William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), will move this Court before the Honorable Sean H. Lane, Bankruptcy Judge, in the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10606 on **January 7, 2025, at 10:00 a.m.** (the "Hearing"), or as soon thereafter as counsel can be heard, for an order converting this Chapter 11 case to one under Chapter 7, or in the alternative, dismissing this case, and for such other and further relief as this Court may deem just and proper. The original application is on file with the Clerk of the Bankruptcy Court.

- 1 -

**PLEASE TAKE FURTHER NOTICE**, that the Hearing will be held via Zoom for Government.  Participants are required to register their appearance by 4:00 PM the day before the Hearing by using the eCourtAppearance portal located on the Court's website.

**PLEASE TAKE FURTHER NOTICE** that any responsive papers should be filed with the Court and served on the United States Trustee, at One Bowling Green, Room 534, New York, NY 10004-1408, Attention: Greg M. Zipes, Esq. (greg.zipes@usdoj.gov), no later than seven (7) days prior to the return date set forth above.  Such papers shall conform to the Federal Rules of Civil Procedure and identify the party on whose behalf the papers are submitted, the nature of the response, and the basis for such response.  Failure to provide this information may be grounds to strike the response or to grant the motion by default.

Dated: New York, New York
       December 3, 2024

                                        Respectfully submitted,

                                        WILLIAM K. HARRINGTON
                                        UNITED STATES TRUSTEE, REGION 2

By:    */s/ Greg M. Zipes*
        Greg M. Zipes
        Trial Attorney
        Alexander Hamilton Custom House
        One Bowling Green, Room 534
        New York, NY 10004-1408

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, NY 10004-1408
Telephone: (212) 510–0500
By:    Greg M. Zipes, Esq.
        Trial Attorney

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------

| | |
|---|---|
| In re | Case No. 23-22520 (SHL) |
| Diamond Elite Park LLC, | Chapter 11 |
| Debtor. | |

-----------------------------------------------------------

**MEMORANDUM OF LAW IN SUPPORT OF THE
UNITED STATES TRUSTEE'S MOTION TO CONVERT
OR DISMISS THIS CHAPTER 11 CASE**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

      William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee") files this motion (the "Motion") pursuant to 11 U.S.C. § 1112(b)(4) for an order converting the Chapter 11 case of Diamond Elite Park LLC (the "Debtor") to one under chapter 7, or in the alternative, dismissing this case. In support thereof, the United States Trustee represents and alleges as follows:

**PRELIMINARY STATEMENT**

      Cause exists under section 1112(b)(4) of the Bankruptcy Code to convert or dismiss this chapter 11 case. The Debtor is an Arizona limited liability company that owns real property located at 9630 N. 25th Avenue, Phoenix, Arizona 85021 (the "Property"). During this bankruptcy case, the Property has come under scrutiny because of the Debtor's failure to

properly maintain it. Now, the stay has been vacated to allow the secured creditor to take action to sell the Property. The Debtor has recently failed to file monthly operating reports or even report to the Court whether the Property has in fact been sold. Therefore, because the Debtor cannot reorganize, the Court should convert or dismiss this case. For reasons set forth below, the United States Trustee recommends this Chapter 11 case be converted to a Chapter 7.

## BACKGROUND

1. On July 9, 2023 (the "Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Southern District of New York. ECF No. 1.

2. On August 7, 2023, the Debtor filed Schedules A/B, Schedule D, Schedule E/F, Schedule G, and Schedule H ("Schedules") and Statement of Financial Affairs ("SOFA"). ECF No. 10.

3. According to the Debtor's Bankruptcy Schedules, the Debtor's primary asset is the Property located in Phoenix, Arizona. Schedule A/B at Line 55, ECF No. 10. The Property has an approximate value of $10 million. Id.

4. According to the Debtor's Bankruptcy Schedules, the Property is secured by a mortgage lien held by Okea Capital LLC ("Okea") totaling $6,790,000. Schedule D, ECF No. 10.

## EVENTS LEADING UP TO THE STIPULATION VACATING STAY

5. On August 16, 2023, Okoa filed an application to vacate the automatic stay or alternatively, to dismiss the case (the "Motion to Dismiss"). See Zipes Decl. Ex. A.

6. According to the Motion to Dismiss, the Debtor had not exercised reasonable care in maintaining the Property, which was in a state of extreme disrepair. Id., ¶ 1.

- 2 -

7. According to the Motion to Dismiss, on June 12, 2023, the City of Phoenix issued the Debtor a Notice of Ordinance Violation, detailing violations at the Property including, "vacant and unsecured structures with open, broken, or missing windows and/or doors," "accumulation of trash and debris throughout the property," and "grass/weeds over 6 inches tall." Id., ¶ 20.

8. On September 8, 2023, the Debtor filed an objection to the Motion to Dismiss. See Zipes Decl. Ex. B. The Debtor stated its belief that the value of the Property exceeded the Lender's claim. The Debtor stated its intention to pursue a vigorous sale process. Id., ¶ 14.

9. Ultimately, the Debtor and Okea entered into a stipulation that was "So Ordered" by the Court on April 22, 2024 (the "Stipulation"). See Zipes Decl. Ex. C.

10. According to the Stipulation, "the Debtor and Okoa hereby agree that Okoa is no longer subject to the automatic stay under Section 362 of the Bankruptcy Code in this Bankruptcy Case." Id.

11. On August 22, 2024, the Debtor filed a monthly operating report for the month ending July 31, 2024 (the "July MOR"). See Zipes Decl. Ex. D. The July MOR is the last MOR filed by the Debtor. The July MOR shows that the Debtor still may still retain the Property. Specifically, the Debtor listed that the Property as an asset, as follows:

| Part 2: Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a. Accounts receivable (total net of allowance) | $0 |
| b. Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. Inventory    (Book ◯    Market ◯    Other ⦿    (attach explanation)) | $0 |
| d. Total current assets | $1 |
| e. Total assets | $10,000,000 |
| f. Postpetition payables (excluding taxes) | $0 |
| g. Postpetition payables past due (excluding taxes) | $0 |
| h. Postpetition taxes payable | $0 |
| i. Postpetition taxes past due | $0 |
| j. Total postpetition debt (f+h) | $0 |
| k. Prepetition secured debt | $6,790,000 |
| l. Prepetition priority debt | $165,389 |
| m. Prepetition unsecured debt | $8,484,544 |
| n. Total liabilities (debt) (j+k+l+m) | $15,439,933 |
| o. Ending equity/net worth (e-n) | $-5,439,933 |

See Zipes Decl. Ex. D.

## **FAILURE TO PROVIDE UPDATES OR TO PAY QUARTERLY FEES**

12.    The Debtor's counsel stated that the Property had been sold. However, there is no specific proof of this. See Zipes Decl. at ¶ 9.

13.    The Debtor reported no income during the post-petition period. See Zipes Decl. Ex. E (Part IV(a)). The Debtor reported no taxes being paid during the post-petition period, at least through July 2024:

| Part 6: Postpetition Taxes | Current Month | Cumulative |
|---|---|---|
| a. Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. Postpetition employer payroll taxes accrued | $0 | $0 |
| d. Postpetition employer payroll taxes paid | $0 | $0 |
| e. Postpetition property taxes paid | $0 | $0 |
| f. Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

See Zipes Decl. Ex. E.

The Debtor has not paid quarterly fees in this case.  See Zipes Decl. Ex. E.

## DISCUSSION

A. **Conversion or Dismissal Is Appropriate Under Enumerated Provisions of 11 U.S.C. § 1112(b)**

Cause for conversion exists when a moving party can demonstrate the substantial or continuing loss to or diminution of the debtor's estate and an absence of a reasonable likelihood of rehabilitation. 11 U.S.C. §1112(b)(4)(A); In re 1031 Tax Grp., LLC, 374 B.R. 78, 93 (Bankr. S.D.N.Y. 2007) (citing In re Photo Promotion Assocs., Inc., 47 B.R. 454, 458 (S.D.N.Y.1985)); see also In re BH S & B Holdings, LLC, 439 B.R. 342, 346 (Bankr. S.D.N.Y 2010). "A party seeking to demonstrate cause under § 1112(b)(4)(A) must establish both the 'substantial or continuing loss' prong as well as the 'absence of a reasonable likelihood of rehabilitation.'" In re FRGR Managing Member LLC, 419 B.R. 576, 581 (Bankr. S.D.N.Y. 2009).

   1. **There are Continuing Losses to the Estate (1112(b)(4)(A))**

"To determine whether there is a continuing loss or a diminution of the estate, a court must make a full evaluation of the present condition of the estate, not merely look at a debtor's financial statements." In re AdBrite Corp., 290 B.R. 209, 215 (Bankr. S.D.N.Y. 2003); see also In re First, No. 22-11020, 2022 WL 17723916, at *4 (Bankr. S.D.N.Y. Dec. 15, 2022).  An estate's liability for administrative expenses constitutes a diminution in assets. In re Lyons Transportation Lines, Inc., 123 B.R. 526, 531 (Bankr. W.D.Pa. 1991); see also In re FRGR Managing Member LLC, 419 B.R. at 581 (noting that the debtor continues to incur quarterly U.S. Trustee fees as well as legal fees, causing a continuing loss to the estate).  There need not be significant diminution to satisfy the first prong of section 1112(b)(4)(A).  See In re Kanterman, 88

B.R. 26, 29 (S.D.N.Y. 1988).

Here, the Debtor does not contest that the Property is not generating revenue. The Debtor reported no income during the post-petition period from the Filing Date (July 2023) at least through July 2024, the last month reported by the Debtor. See Zipes Decl. Ex. E (July MOR, Part IV(a)). The Debtor reported no taxes being paid during the post-petition period, again at least through July 2024. Id. The Debtor is not paying United States Trustee quarterly fees. See Zipes Decl. Ex. E. The Debtor is not operating and continues to incur administrative expenses. The inability to pay taxes or quarterly fees shows a diminution in value.

### 2. There Is No Likelihood of Rehabilitation (1112(b)(4)(A))

Section 1112(b)(4)(A) is "intended to preserve estate assets by preventing the debtor in possession from gambling on the enterprise at the creditors' expense when there is no hope of rehabilitation." In re Lizeric Realty Corp., 188 B.R. 499, 503 (Bankr. S.D.N.Y. 1995); see also In re Court Living Corp., No. 96 CIV. 965, 1996 U.S. Dist. LEXIS 13588, 1996 WL 527333, at *3 (S.D.N.Y. Sept. 16, 1996).

According to the Stipulation, the Debtor consented to the lifting of the automatic stay to allow Okea to sell the Property. See Zipes Decl. Ex. C. However, as late as November 2024, the Debtor's counsel was unable to report to the United States Trustee on whether the Property was sold. See Zipes Decl. at ¶ 9. According to the Motion to Dismiss, the Debtor had not exercised reasonable care in maintaining the Property and also that the Property was in a state of extreme disrepair. See Zipes Decl. Ex. A. The Debtor has fallen behind with the filing of monthly operating reports, with the last one filed for the month of July 2024. See Docket.

The Debtor reported no income during the post-petition period from the Filing Date (July 2023) at least through July 2024.  See Zipes Decl. Ex. E (Part IV(a)).  The Debtor reported no taxes being paid during the post-petition period, again at least through July 2024: Id.  This inability to account for the Property, to timely file monthly reports, or to pay quarterly fees represents an inability to reorganize.

**B.     The United States Trustee Recommends Conversion**

The United States Trustee recommends the conversion of this case, rather than dismissal.  There may be significant equity in the Property for a trustee to administer, based upon the Debtor's representations in its Schedules and the July MOR.  At least according to the Debtor, there is significant equity in the Property.  Thus, conversion to chapter 7 is in the best interest of creditors and the estate.

**CONCLUSION**

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order converting this Chapter 11 case to a Chapter 7 case or, alternatively, dismissing this Chapter 11 case, with prejudice, and granting such other and further relief as may be deemed just and proper.

Dated: New York, New York
December 3, 2024

Respectfully Submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By:   */s/ Greg M. Zipes*
Greg M. Zipes
Trial Attorney
Office of the United States Trustee
One Bowling Green, Room 534
New York, New York 10004